John PRICE, an Individual, Plaintiff and Appellant,

v.

RESEARCH INDUSTRIES CORPORATION, Defendant and Respondent.

No. 14230.

Supreme Court of Utah.

April 7, 1976.

James R. Brown and Robert O. Baldwin, Jardine, Baldwin, Brown & Sessions, Salt Lake City, for plaintiff and appellant.

Louis M. Haynie, Salt Lake City, for defendant and respondent.

TUCKETT, Justice:

The plaintiff initiated these proceedings in the district court of Salt Lake County seeking therein to recover damages for the breach of a sales contract. From an adverse judgment of no cause of action the plaintiff appeals.

On October 31, 1968, the parties entered into a real estate sales contract under the terms of which the plaintiff agreed to buy and the defendant agreed to sell ten acres of land in Salt Lake County. The plaintiff contends that the defendant breached that part of the contract which deals with certain improvements to be made by the defendant as seller, that part of the contract being in the following language:

7. Seller agrees to obtain the dedication of 2300 South Street and to construct and complete at its expense as per Salt Lake County standards for a subdivision, including but not limited to storm drainage, curbs, gutters, asphalt paving, water, sewer and fire hydrants, all of which shall be approved and accepted by Salt Lake County. Seller agrees to obtain the dedication of 2300 South Street within sixty (60) days after request for said dedication is made by Buyer to Seller and to construct and complete the improvements as herein contemplated on the said real property within sixty (60) days after obtaining such dedication subject to climate conditions.

Defendant constructed the facilities above mentioned including the installation of a sewer line in the street in front of the subject property. The water and sewage services in the area are supplied by Granger-Hunter Improvement District, a public body. The sewage service supplied by the Improvement District was inadequate, and the district was in the process of improving its sewage service by the planning and construction of lift stations which had not been completed at the time of the claimed breach of contract. Due to the inadequacies of the sewage system, plaintiff was unable to connect the sewer line which had been constructed to the Granger-Hunter line so that sewage disposal would be supplied to a building constructed by the plaintiff. In order to correct the situation it was necessary for the plaintiff to provide temporary service by the construction

of a holding tank and paying the costs of having the tank pumped and the sewage hauled away. The costs the plaintiff incurred in providing the temporary services he now seeks to recover from the defendant in these proceedings.

A trial was had in the court below; that court concluded that the plaintiff had failed to show a breach of contract. It should be noted that the provision of the contract above set forth only provides for the construction of the sewer line, and nowhere in the contract does the defendant undertake to supply sewage disposal service.

After a careful review of the record we are of the opinion that the decision of the court below should be affirmed. Respondent is entitled to costs.

HENRIOD, C. J., and ELLETT, CROCKETT, and MAUGHAN, JJ., concur.